## Page *v.* Ordway.

If the condition of a mortgage is broad enough to cover future claims, it will be construed to apply to existing debts, or liabilities, if the language does not forbid such construction, and the mortgage will not be void for that cause as to existing claims.

The form of the oath prescribed in case of personal mortgages, precludes their being made to secure future claims.

As the statute requires the debt or liability intended to be secured, to be *specified* in the condition of the mortgage, a general description of all debts, or all demands, will not be sufficient.

A mortgagee, being called on for an account of the debt or demand secured by the mortgage, returned a statement: "I consider the following claims or demands to be secured by a joint mortgage to me and T. O., to wit," and then stated the dates, amounts, &c., of certain notes, without stating the amount due on them.—It was *held*, that the account was insufficient.

TROVER for certain articles of personal property, brought by Enoch Page against N. G. Ordway.

The property formerly belonged to J. S. Osgood, and was mortgaged by him to the plaintiff. The condition of

the mortgage was as follows: "Provided, nevertheless, that if I, my executors, &c., shall pay, &c., unto the said grantees, &c., all and any notes the said grantees may hold against me, and indemnify and save harmless, from all damage and cost, the said grantees, by reason of any liabilities they may have heretofore incurred for me, and shall pay, &c., a certain note, bearing even date hereof, running to Warner Bank, for the sum of five hundred dollars, payable in ninety days and grace, with interest after, signed by me as principal and said grantees as sureties, and save the said grantees harmless from all cost and damage, by reason of signing said note, then these presents shall be void."

Subsequently the defendant, as sheriff, attached the property on writs against said Osgood, and made a demand of the plaintiff for an account, under oath, of the debt or demand secured to him by the mortgage thereof, aforesaid. The plaintiff in due time gave the defendant an account, as follows:

"To N. G. Ordway, &c.: In compliance, &c., I would state that I consider the following claims or demands to be secured by a joint mortgage from said Osgood to me and T. Osgood, to wit, one note for $250, dated October 23, 1857, payable to me, or order, on demand, with interest annually, signed by J. S. and T. Osgood, &c.; also a note, running to Warner Bank, for $500, dated January 25, 1858, payable in ninety days, with interest after, signed by said J. S. Osgood as principal, and by me and T. Osgood as sureties.     ENOCH PAGE.

"Merrimack ss., March 11, 1858. Subscribed and sworn to before
               N. A. DAVIS, Justice of the Peace."

The defendant contends that the conditions of the mortgage and the account are not sufficient in law, and therefore he is entitled to hold the property on the attachment,

discharged from the mortgage to the plaintiff, according to the provisions of the statutes.

*Minot & Mugridge*, for the plaintiff.

*Morrison & Stanley*, for the defendant.

BELL, C. J.   A mortgage will not be construed to apply to demands not then existing, unless the language is such as to admit of no other meaning.   Here it is not necessary to understand the condition as applying to any other notes than those held at the time by the mortgagees.   In the case of *North* v. *Crowell*, 11 N. H. 251, it was expressly held that where the object of a mortgage is to secure an existing demand, the fact that it was also intended to cover future advances does not avoid the mortgage.   In this case it does not appear that the mortgage was intended to secure future advances, or to indemnify against liabilities growing out of future transactions, and there is no evidence that any claims of either class exist.   The condition, then, cannot be affected, because its terms happen to be broad enough to cover future claims.

The form of the oath prescribed in the case of mortgages of personal property, by the statute, is, we think, conclusive that no other than an existing debt or liability can be secured by such a mortgage.   The parties must swear that " the debt is a just debt, honestly due, and owing from the mortgagor to the mortgagee."   No such affidavit can be made in regard to a debt to be hereafter contracted.   So, if the mortgage is made to secure the fulfilment of an agreement other than the payment of a debt or any liability, such agreement or liability must be truly and specifically stated in the condition, and the affidavit must verify its truth and justice.   Rev. Stat., ch. 132, secs. 3, 4.   This, of course, precludes the making a mortgage to secure a liability or agreement, to be afterward contracted or incurred.   But the case referred to,

and the authorities there cited, show that the mortgage will not be impaired, as to existing claims and liabilities, properly described, by the attempt to extend the mortgage to future, and, therefore, inadmissible claims. The same point is held, in regard to mortgages of real estate, in *Bank* v. *Willard*, 10 N. H. 210.

The next question relates to the sufficiency of the description of the notes, included in the first clause of the condition: "all and any notes the said grantees may hold against me." At common law this would seem to be a sufficient description; understood, as now held against me, it is capable of being made certain.

It is not necessary that all the particulars of the note secured should be set forth in the condition of a mortgage. Substantial correctness, such as may prevent mistakes or uncertainty as to the debt intended to be secured, is all that is required. *Webb* v. *Stone*, 24 N. H. 282; *Melvin* v. *Fellows*, 33 N. H. 401; *Robertson* v. *Stark*, 15 N. H. 109.

The statute requires that the party should swear that the mortgage is made to secure the debt *specified* in the condition, and it is objected that, by the expression, "all notes," no particular debt is specified; that is, "particularized, specially named." Webster's Quarto Dictionary. And it seems to us that the intention of the act must have been to require that the debts designed to be secured should be described specifically, so that those who have occasion to consult the record may be able to ascertain the date, nature, and amount of the demands designed to be secured. Upon this view the condition, so far as this clause is concerned, must be regarded as loose and indefinite—*not specific*—and, therefore, insufficient.

The same objection must be still more conclusive against the second clause of the condition, which describes nothing particularly.

These defects in the condition do not impair the force and effect of the other clauses of the condition, in which

the description of the demands intended to be secured is sufficiently specific and particular.

From the language of the account it may be inferred that the mortgage in question was made to Page and T. Osgood. If that should prove to be so, it would probably be held to cover not only the debts due to both, and liabilities incurred by both, but the debts and liabilities of each. *Burnett* v. *Pratt,* 22 Pick. 556 ; *Root* v. *Bancroft,* 10 Met. 47.

Several objections are made to the account given to the officer. It is objected that the account, instead of a direct and positive statement, such as the statute requires, gives merely the supposition or opinion of the mortgagee as to what he *considers* to be secured by the mortgage. It states not " *the amount due* upon the debt or demand, secured by such mortgage," but his judgment that certain enumerated claims are secured by it.

The attaching creditor or officer has the right to attach and hold the property, upon paying or tendering to the mortgagee the amount for which such property is holden, as ascertained by the account. Rev. Stat., ch. 184, secs. 17, 18. Here there is no pretence that any amount is alleged to be due in the account as rendered. The dates and amounts of the notes, *considered* to be secured by the mortgage, are given, and, as they are stated to be on interest, the means of ascertaining the amount are furnished, provided they were all originally due, and nothing has since been paid. But there is no expression in the account which conveys the idea that the whole of these notes are, or ever were due. They may have been partially paid, and every word of the account may be nevertheless true. To fasten the charge of perjury on the plaintiff, it must be alleged that he stated the amount due upon the mortgage, and intentionally stated it falsely ; but the language does not, in terms, contain any such statement, and it contains no such necessary implication of the amount as would be competent evidence upon an indictment for perjury.

The design of the statute must have been to furnish to the creditor or officer further information than is afforded by the record. The usual form of condition states the date and amount of the note, by whom made, and to whom, and when payable, and whether with or without interest; but the date or amount of the note may have been incorrect, from design or accident, and payments may have been made afterward. As to such payments the records would afford no information, as the law does not require, and it is not the custom that subsequent payments should appear of record. *North* v. *Crowell,* 11 N. H. 254.

The exact nature of the information required to be given by the mortgagee is apparent from the object and purpose for which that information is required, which is to enable the creditor or officer to make a tender of *the exact sum* for which the goods are held under the mortgage, and thus to preserve his attachment. *Gilmore* v. *Gale,* 33 N. H. 410.

As the account given in this case does not, either in terms or by any reasonable implication, state the amount due upon the mortgage, we are of opinion that it is insufficient. *Sprague* v. *Branch,* 3 Cush. 575.

*Judgment for the defendant.*